1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7    CRAIG WILLIAM METCALFE,

8                          Plaintiff,            NO:  2:15-CV-0146-TOR

9         v.                                     ORDER GRANTING DEFENDANT'S
                                                 MOTION FOR SUMMARY
10   CAROLYN W. COLVIN, Acting                   JUDGMENT
     Commissioner of Social Security
11   Administration,

12                          Defendant.

13

14        BEFORE THE COURT are the parties' cross-motions for summary

15   judgment. ECF Nos. 12; 13. This matter was submitted for consideration without

16   oral argument. The Court—having reviewed the administrative record and the

17   parties' completed briefing—is fully informed. For the reasons discussed below,

18   the Court grants Defendant's motion and denies Plaintiff's motion.

19   //

20   //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

**JURISDICTION**

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited:  the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An

error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. *Id.* § 416.920(a)(4)(i). If the claimant is engaged in "substantial

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3

1   gainful activity," the Commissioner must find that the claimant is not disabled. *Id.*

2   § 416.920(b).

3        If the claimant is not engaged in substantial gainful activities, the analysis

4   proceeds to step two. At this step, the Commissioner considers the severity of the

5   claimant's impairment. *Id.* § 416.920(a)(4)(ii). If the claimant suffers from "any

6   impairment or combination of impairments which significantly limits [his or her]

7   physical or mental ability to do basic work activities," the analysis proceeds to step

8   three. *Id.* § 416.920(c). If the claimant's impairment does not satisfy this severity

9   threshold, however, the Commissioner must find that the claimant is not disabled.

10  *Id.*

11       At step three, the Commissioner compares the claimant's impairment to

12  several impairments recognized by the Commissioner to be so severe as to

13  preclude a person from engaging in substantial gainful activity. *Id.*

14  § 416.920(a)(4)(iii). If the impairment is as severe as or more severe than one of

15  the enumerated impairments the Commissioner must find the claimant disabled

16  and award benefits. *Id.* § 416.920(d).

17       If the severity of the claimant's impairment does meet or exceed the severity

18  of the enumerated impairments, the Commissioner must pause to assess the

19  claimant's "residual functional capacity." Residual functional capacity ("RFC"),

20  defined generally as the claimant's ability to perform physical and mental work

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

activities on a sustained basis despite his or her limitations, *id.* § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). *Id.* § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. *Id.* § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. *Id.* § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The burden of proof is on claimant at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran*

*v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ FINDINGS

On March 28, 2012, Plaintiff filed an application for supplemental security

income, alleging a disability onset date of September 1, 2004. Tr. 224-29.

Plaintiff's claim was denied initially, Tr. 172-75, and upon reconsideration, Tr.

179-82. Plaintiff requested a hearing before an ALJ, Tr. 183-85, which hearing was

held on November 1, 2013, Tr. 46-87. At the hearing, Plaintiff amended his alleged

onset date to August 24, 2010. Tr. 52-53. On December 2, 2013, the ALJ rendered

a decision denying Plaintiff's claim. Tr. 19-45.

At step one, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since August 24, 2010, the amended alleged onset date. Tr. 24. At

step two, the ALJ found that Plaintiff had the following severe impairments: left

shoulder tendinitis/adhesive capsulitis; left distal humeral metaphyseal fracture

status post open reduction, internal fixation (ORIF), stable; left 4th metacarpal

fracture, status post ORIF, healed; degenerative disk disease with mild to moderate

scoliosis; gout by history; hepatitis C by history; hypertension; major depressive

disorder; generalized anxiety disorder; personality disorder; and alcohol

dependence. Tr. 24. At step three, the ALJ found that Plaintiff does not have an

1    impairment or combination of impairments that meets or medically equals a listed

2    impairment. Tr. 31. The ALJ then concluded that Plaintiff had the RFC

3        to perform medium work as defined in 20 CFR 416.967(c). He can lift
         no more than 50 pounds at a time and frequently lift or carry 25
4        pounds. He can stand and/or walk about 6 hours in an 8-hour workday
         and sit about 6 hours in an 8-hour workday. Pushing/pulling is
5        unlimited within the lifting restrictions cited. He can occasionally
         climb ramps or stairs but should never climb ladders, ropes, or
6        scaffolds. He can occasionally balance, stoop, crouch, kneel, or crawl.
         He should avoid walking on uneven surfaces. He can reach overhead
7        occasionally. With the left upper extremity, he is capable of frequent
         handling (grasp, hold, turn objects) and fingering (pick, pinch small
8        objects). He should avoid concentrated exposure to extreme cold or
         heat, excessive vibration, poorly ventilated areas, irritants such as
9        fumes, odors, dust, chemical, and gases, unprotected heights, and use
         of moving machinery. He is capable of simple, routine, and repetitive
10       tasks with some well-learned and detailed tasks. He is capable of
         occasional decision making and occasional changes in the work
11       setting. He is capable of short, superficial contact in the work place as
         seen in most business settings, with no close cooperation with
12       coworkers. He would benefit from assistance in goals and planning.

13   Tr. 32. At step four, the ALJ found Plaintiff is unable to perform any past relevant

14   work. Tr. 36. At step five, the ALJ found that, considering Plaintiff's age,

15   education, work experience, and RFC, there are jobs in significant numbers in the

16   national economy that Plaintiff could perform, such as dishwasher, kitchen helper,

17   and production helper. Tr. 37. Alternatively, the ALJ found that considering

18   Plaintiff's age, education, work experience, and an RFC for *light work*, there are

19   also jobs in significant numbers in the national economy that Plaintiff could

20   perform, such as electrical assembler, mail clerk, and survey worker. Tr. 37.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 7

Accordingly, the ALJ concluded that Plaintiff was not disabled as defined in the Social Security Act. Tr. 38.

On April 14, 2015, the Appeals Council denied Plaintiff's request for review, Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3); 20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act. ECF No. 13. The Court construes Plaintiff as raising the following issues for its review:

(1) Whether the ALJ properly evaluated Plaintiff's credibility;

(2) Whether the ALJ properly weighed the medical opinion evidence;[1] and

(3) Whether the ALJ posed an adequate hypothetical to the vocational expert.

---

[1] Although Plaintiff presents this issue as the ALJ's erroneous assessment of Plaintiff's RFC, ECF No. 12 at 9, Plaintiff's argument discusses the ALJ's assessment of the medical opinions of Drs. Arnold, Bailey, Chandler, and Hoskins, *id.* at 11-14.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

1     *See* ECF No. 12. The Court evaluates each issue in turn.

2     **DISCUSSION**

3     **A.    Adverse Credibility Finding**

4           First, Plaintiff faults the ALJ for failing to properly evaluate his credibility.

5     *Id.* at 15-16. However, Plaintiff fails to specifically address any of the ALJ's

6     reasons and explain why they are deficient. *See id.*

7           An ALJ engages in a two-step analysis to determine whether a claimant's

8     testimony regarding subjective pain or symptoms is credible. "First, the ALJ must

9     determine whether there is objective medical evidence of an underlying

10    impairment which could reasonably be expected to produce the pain or other

11    symptoms alleged." *Molina*, 674 F.3d at 1112 (internal quotation marks omitted).

12    "The claimant is not required to show that her impairment could reasonably be

13    expected to cause the severity of the symptom she has alleged; she need only show

14    that it could reasonably have caused some degree of the symptom." *Vasquez v.*

15    *Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted).

16           Second, "[i]f the claimant meets the first test and there is no evidence of

17    malingering, the ALJ can only reject the claimant's testimony about the severity of

18    the symptoms if she gives 'specific, clear and convincing reasons' for the

19    rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting

20    *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "General findings are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9

1    insufficient; rather, the ALJ must identify what testimony is not credible and what

2    evidence undermines the claimant's complaints." *Id.* (quoting *Lester v. Chater*, 81

3    F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir.

4    2002) ("[T]he ALJ must make a credibility determination with findings sufficiently

5    specific to permit the court to conclude that the ALJ did not arbitrarily discredit

6    claimant's testimony."). "The clear and convincing [evidence] standard is the most

7    demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

8    1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920,

9    924 (9th Cir. 2002)).

10          In making an adverse credibility determination, the ALJ may consider, *inter*

11   *alia*, (1) the claimant's reputation for truthfulness; (2) inconsistencies in the

12   claimant's testimony or between his testimony and his conduct; (3) the claimant's

13   daily living activities; (4) the claimant's work record; and (5) testimony from

14   physicians or third parties concerning the nature, severity, and effect of the

15   claimant's condition. *Thomas*, 278 F.3d at 958-59.

16          Even disregarding the evidence in the record regarding Plaintiff's

17   malingering, this Court finds the ALJ provided several specific, clear, and

18   convincing reasons for finding Plaintiff's statements concerning the intensity,

19   persistence, and limiting effects of his symptoms "not entirely credible." Tr. 34.

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

First, the ALJ found that Plaintiff inconsistently reported his alcohol use and cited to over half a dozen instances in the record. Tr. 34. Because the ALJ may employ "ordinary techniques of credibility evaluation, such as the claimant's reputation for lying . . . and other testimony by the claimant that appears less than candid" when assessing the Plaintiff's credibility, the ALJ did not err when he found such contradictory evidence raised questions as to the reliability of Plaintiff's allegations. *See Chaudhry v. Astrue*, 688 F.3d 661, 672 (9th Cir. 2012); *see also Thomas*, 278 F.3d at 959 ("[T]he ALJ found that [the claimant] had not been a reliable historian, presenting conflicting information about her drug and alcohol usage . . . [T]his lack of candor carries over to her description of physical pain." (internal quotation marks omitted)).

Second, the ALJ found the record "replete with drug seeking behavior." Tr. 34. Specifically, the ALJ noted 17 visits in one 8-month period, a broken pain contract due to obtaining pain medications from multiple providers, and repeated calls for pain medications and requests for early refills. Tr. 34. Because this provides a permissible reason for discounting Plaintiff's statements, the ALJ did not err when he found this evidence raised questions as to the reliability of Plaintiff's allegations. *See Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001) (holding that the ALJ properly found the claimant's complaints not credible

1  where the complaint was exaggerating his complaints in order to receive

2  prescription pain medication to feed his Valium addiction).

3       The ALJ discussed several other reasons for his adverse credibility finding.

4  The ALJ found that Plaintiff had made several inconsistent statements throughout

5  the record regarding his work history and the cause of his hand injury. Tr. 34. The

6  ALJ also found that Plaintiff made incredible statements regarding the frequency

7  of his gout attacks despite medical tests showing normal uric acid levels and non-

8  septic joints. Tr. 34. Finally, the ALJ noted that Plaintiff's spotty work history may

9  be explained by his jail time rather than his medical issues. Tr. 34 ("[Claimant] has

10  a significant legal history, and Dr. Bailey noted . . . that his spotty work history

11  was mostly due to jail time. He was on work release while jailed in 2011, and it

12  was reported that he 'does well and likes it' . . . .). Plaintiff does not challenge any

13  of these findings.

14       In sum, the ALJ provided several specific, clear, and convincing reasons for

15  rejecting Plaintiff's testimony. *See Ghanim*, 763 F.3d at 1163. Again, Plaintiff's

16  brief section discussing the ALJ's adverse credibility finding discusses no specific

17  deficiency to explain why the ALJ committed reversible error. *See* ECF No. 12 at

18  15-16. Accordingly, this Court upholds the ALJ's credibility finding.

19  //

20  //

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

**B.    Medical Opinion Evidence**

Second, Plaintiff faults the ALJ for finding that Plaintiff is capable of medium work even though no physician evaluated all of the evidence in existence at the time of the hearing. ECF No. 12 at 11-14. Plaintiff also states that the ALJ failed to acknowledge all of the limitations opined by Drs. Arnold, Bailey, and Chandler. *Id.* at 11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant but who review the claimant's file (nonexamining or reviewing physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (brackets omitted). "Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Id.* "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.* (citations omitted).

If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r*, 554 F.3d at 1228 (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830-31).

"Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison*, 759 F.3d at 1012. "In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13. That being said, the ALJ is not required to recite any magic words to properly reject a medical opinion. *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (holding that the Court may draw reasonable inferences when appropriate). "An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making

1    findings.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715,

2    725 (9th Cir. 1998)).

3    **1.  Dr. Hoskins**

4    This Court finds the ALJ properly weighed the opinion of Dr. Robert

5    Hoskins, a non-examining state agency consultant. Dr. Hoskins opined that

6    Plaintiff was capable of a wide range of medium exertion. *See* Tr. 140-54. The ALJ

7    afforded this opinion "great weight," noting that it was consistent with (1) the

8    observations of Dr. Weir in his examination and review of x-rays, (2) the medical

9    evidence showing no functional limitations other than those of a temporary nature

10   related to the claimant's left hand fracture, and (3) the consultative examination by

11   Dr. Rose. Tr. 24-25. Although Plaintiff cites to medical evidence submitted to the

12   record after Dr. Hoskins' review, Plaintiff has failed to demonstrate why this

13   evidence establishes greater limitations than ultimately included in the RFC.

14   Moreover, the ALJ ultimately found that there were jobs that exist in significant

15   numbers for an individual such as Plaintiff with a *light* exertion RFC, which

16   Plaintiff has failed to address. Accordingly, this Court finds the ALJ properly

17   weighed the opinion of Dr. Hoskins.

18   **2.  Drs. Arnold, Bailey, and Chandler**

19   This Court also finds the ALJ properly weighed the opinions of Drs. Arnold,

20   Bailey, and Chandler.

1    As to Dr. Bailey, the ALJ afforded "great weight" to Dr. Bailey's opinion

2  that Plaintiff was capable of at least simple, repetitive tasks and was not as

3  inadequate and helpless as portrayed in examinations. Tr. 35 (citing Tr. 637-42).

4  Plaintiff points to no specific limitation that the ALJ failed to consider when

5  addressing Dr. Bailey's opinion. *See* ECF No. 12 at 11.

6    As to Dr. Arnold, the ALJ gave "no weight" to Dr. Arnold's opinion that

7  Plaintiff had moderate to marked limitations in basic work activities. Tr. 36 (citing

8  Tr. 1123-26). In rejecting Dr. Arnold's opinion, the ALJ noted that Plaintiff's

9  mental status examination was within normal limits. Tr. 36. Such contradictions

10  between a doctor's opinion and his own medical results provides a permissible

11  basis to reject his opinion. *See Bayliss*, 427 F.3d at 1216. Further, the ALJ noted

12  that the testing used revealed "questionable effort" on the part of Plaintiff. Tr. 36.

13  Plaintiff's lack of full effort renders Dr. Arnold's testing less accurate and thus

14  provides a permissible basis to discount Dr. Arnold's opinion. *See Thomas*, 278

15  F.3d at 958 (holding that the ALJ was entitled to discount a medical opinion where

16  the provider noted that the claimant did not put forth full effort on testing). Again,

17  Plaintiff points to no specific deficiency in the ALJ's consideration of Dr. Arnold's

18  opinion.

19    As to Dr. Chandler, the ALJ gave only "some weight" to the opinion that

20  Plaintiff's "ability to consistently access and utilize his cognitive abilities may be

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 16

affected by his tendency to become easily overwhelmed, difficulty making decisions, and difficulty initiating and completing projects without a lot of advice/reassurance." Tr. 35 (citing Tr. 516). The ALJ did not fully credit this opinion because of Dr. Chandler's own mental status examination which demonstrated "some cognitive ability to function appropriately within a work setting and sustain concentration and attention over the course of a traditional 8-hour day/5-day workweek." *See Bayliss*, 427 F. 3d at 1216. Further, the ALJ did not fully credit this opinion because it was based on Plaintiff's non-credible self-reports. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (holding that an ALJ may reject an opinion that is "largely based" on a claimant's non-credible self-reports). Again, Plaintiff highlights no specific deficiency.

In sum, this Court finds the ALJ properly weighed the medical evidence. Plaintiff puts forth no argument as to why the ALJ improperly rejected the opinions of these providers other than to make a conclusory assertion that that ALJ "fail[ed] to acknowledge all of the limitations which the Plaintiff has per the opinions of Drs. Arnold, Bailey and Chandler." ECF No. 12 at 11. Accordingly, this Court does not find that the ALJ committed reversible error.

## C.    Hypothetical Question

Finally, Plaintiff faults the ALJ for posing an incomplete hypothetical to the vocational expert. ECF No. 12 at 14-15. Specifically, Plaintiff contends the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 17

hypothetical should have included the limitation that Plaintiff would be interrupted

up to one-third of the work time due to psychological impairments and would need

to miss more than one day of work per month. *Id.*

"An ALJ must propound a hypothetical to a [vocational expert] that is based

on medical assumptions supported by substantial evidence in the record that

reflects *all* the claimant's limitations." *Osenbrock v. Apfel*, 240 F.3d 1157, 1165

(9th Cir. 2001) (emphasis added). "If the assumptions in the hypothetical are not

supported by the record, the opinion of the vocational expert that claimant has a

residual working capacity has no evidentiary value." *Gallant v. Heckler,* 753 F.2d

1450, 1456 (9th Cir. 1984). "It is, however, proper for an ALJ to limit a

hypothetical to those impairments that are supported by substantial evidence in the

record." *Osenbrock*, 240 F.3d at 1165.

Here, Plaintiff provides no support for the assertion that his alleged

psychological impairments would interrupt his work one-third of the time and he

would need to miss more than one day of work per month. *See* ECF No. 12 at 14-

15. To the extent Plaintiff is contending Dr. Arnold's opined limitations should

have been included in the hypothetical question to the vocational expert, this Court

previously found that the ALJ properly rejected this opinion. Thus, these

limitations, unsupported by substantial evidence, were properly excluded from the

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

hypothetical question posed to the vocational expert. Accordingly, this Court does not find error.

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 13) is
   **GRANTED**.

The District Court Executive is directed to file this Order, enter **Judgment for Defendant**, provide copies to counsel, and **CLOSE** the file.

**DATED** March 28, 2016.

THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 19